Essex.
March,
1831

Fry
*vs.*
Slyfield.

---

## GEORGE YEUREN *vs.* HENRY S. SMALLEY.

Orleans,
March,
1831.

An officer, who has served a writ, and returned that he had taken E. F. bail, whose name is not to be found upon the writ, is not a competent witness to prove that E. F. actually signed as bail.

A conditional receipt is not admissible to prove a plea, which alleges a positive payment or settlement.

This was a writ of *scire facias* against the defendant, as bail of one Barney Smalley. This is the same case, in which a new

ORLEANS,
*March*,
1831.

Yeuren
*vs.*
Smalley.

set of pleadings were permitted by this Court several terms past. It seems that one Hidder served the original writ, as constable, and made return, that he had taken the present defendant as bail ; but did not say, by his indorsing his name on the back of the writ ; nor did his name appear written there ; but the margin of the writ had been torn off at the fold, and was missing. The defendant pleaded three pleas in bar : the two first virtually denied he ever signed his name on the writ as bail. The third plea alleged a payment and settlement of the demand before judgement and execution, and the fraudulent judgement to charge defendant as bail. These pleas were traversed, and issues joined to the jury. The plaintiff offered the constable as a witness to prove, that the defendant did sign his name as bail, and that the name had been torn off. He was objected to as incompetent, and excluded by the court. But the plaintiff introduced other testimony tending to prove the same facts. The defendant also produced a receipt to prove the third plea, which was objected to, but admitted. The receipt was signed by one Charles Seaver ; but there was testimony tending to show that he had a right to settle the first action, and sign such receipt. All these matters appear in a bill of exceptions allowed by the judges of the county court ; to which is attached a copy of said receipt. The defendant obtained a verdict ; and the plaintiff brought the cause to this Court. It was argued this term on said exceptions.

*Kimball, for the plaintiff.*—*Smalley*, to have availed himself of the doings of Seaver, must first have proved his authority from *Yeuren.*—1 *Phil. Ev.* 76 ; 3 *Stark. Ev.* 1085.

The acts or declarations of Seaver, contained in the receipt, are wholly insufficient to prove his agency, or authority to do those acts. —1 *Phil. Ev.* note a. 76.

Where an execution is put into the hands of an officer to be collected in money, the receiving payment by him in other articles, is no satisfaction or discharge of the debt.—*Codwise* vs. *Field*, 9 *Johns. Rep.* 386.

The receipt is not payment by its terms, unless certain demands therein named should be collected. This does not support the positive allegation of the plea. Hidder, the constable, ought to have been admitted to prove defendant's name torn off the writ.

*Starkweather, for the defendant.*—If the paper offered in evi-

ORLEANS,
*March,*
1831.

Yeuren
*vs.*
Smalley.

dence has a tendency to prove that plaintiff settled the original suit after the service and before the return day, it is proper to go to the jury. The substance of the allegation is, that the plaintiff settled the suit with the principal, before the return day of the writ ; and thereby discharged the bail. The fact is simply alleged, without vouching the receipt ; and the receipt is used as mere evidence. Therefore, although the receipt describes two other small papers, which passed between the parties at the time of executing the receipt, and which, are not described in the plea, yet as the receipt has a tendency to prove the substance of the allegation, this variance is not material.—3 *Stark. Ev.* 1602–3, and *in notes.*

As to the other exception, it is apprehended there can be no question. Hidder, the constable, serving the original writ, and who had in his return stated, that he had taken *Henry S. Smalley* for bail, had a direct interest in charging him as such, as *Henry S. Smalley's* name did not appear to be endorsed on the back of said original writ. If the alleged bail be discharged, in consequence of his name's not appearing on the back of the original writ, it casts the whole burden of the liability on the constable ; and if, by testifying in the case, he can charge the alleged bail, he thereby screens himself. His interest would be equal to that of the bail, at least ; and, therefore, he should not be permitted to testify.—2 *Stark. Ev.* 744; 3 *Dane's Dig.* 404–5–8 ; *Swift's Ev.* 54.

HUTCHINSON, C. J., delivered the opinion of the Court.— With regard to the point of Seaver's having a right to discharge this debt, or give the receipt in question, as referred to in argument by the plaintiff's counsel,—that rested on the sufficiency of the evidence as it should be weighed by the jury; as the case shows, that testimony was admitted upon that point. The case presents no question of law with regard to this.

If this debt should be lost through defect of the officer's return, it proving too deficient to charge the bail, we see no reason why the officer would not be liable to the plaintiff for his damage thereby sustained. He is now offered as a witness to charge the bail. He is clearly interested and incompetent. If he had stated in his return, that the present defendant became bail by indorsing his name on the back of said writ, and it appeared that a piece of the writ has since been torn off, and lost, the presumption would be, that the name was signed upon the part thus gone. But the return, as it is, needs fortifying in some way ; and, if there

ORLEANS,
March,
1831.

Yeuron
vs.
Smalley,

is any way, which the law will sanction, the officer, who made that insufficient return, is directly interested to make it have the effect of a good return, that is, have the effect to charge the defendant as bail. The witness was correctly excluded. We are disposed to mention a circumstance not noticed by the counsel, that it may be examined in future. While the defendant, in his two first pleas, defends on the ground, that he never became bail on the original writ, he expressly admits the fact of his so becoming bail, in the recitals of his third plea. As this was not a point made by counsel, and no authorities are produced in relation to it, we give no decided opinion of its effect, or of the manner in which the plaintiff should take advantage of this admission : but we strongly suspect the doctrine is, that such an express admission upon the record is conclusive, against the party making the admission, in every part of the cause ; that it is conclusive for the plaintiff on the two first pleas. The authorities may as well be examined before the cause is stirred again.

The remaining question is, whether the receipt, produced by the defendant, was correctly admitted. It was executed by Seaver, and there was testimony tending to show his authority. Whether his receiving, not money, but other obligations, was binding upon the plaintiff, must depend upon the extent of his authority, which does not sufficiently appear in the case to enable this Court to decide upon it ; and, the plaintiff having brought up the case on exceptions, he must see that his exceptions contain matter sufficient to show the decision of the county court incorrect, or his exceptions cannot avail. Their decision must be presumed correct till shown to be otherwise.

This receipt was objected to by the plaintiff, and yet was admitted as evidence on the third plea. This plea alleges the receiving of the obligations, therein named, as absolute payment, and discharge of the first suit. On examining the receipt, we find that, by its terms, these demands were only to operate as payment, when they should be paid to the plaintiff. This is a fatal variance, on account of which the receipt ought not to have been suffered to go to the jury.

For this reason, the judgement of the county court is reversed and a new trial is granted.

*Kimball*, for plaintiff.

*Starkweather*, for defendant.