Essex,
March,
1833.

DAVID E. DENISON *vs.* SILAS HIBBARD.

A., a common carrier, received money to carry, and deliver to B., a common
carrier, for him to transmit to C., the owner. C. sues A. for the loss of the mon-
ey, and after A. had given evidence tending to prove that he delivered the
money to B., as he was directed, C. offered B as a witness to prove that he did
not receive the money.

*Held,* that B. had a deep interest in the *particular question* agitated at the
trial, and could not testify, without a release from C.

This was an action of *assumpsit,* charging the defendant
as a common carrier. The defendant pleaded the *General
Issue.* The issue was joined to the country, and on trial,
the plaintiff gave evidence tending to prove, that the de-
fendant was a common carrier from Danville, Vermont, to
Littleton, in New-Hampshire ; and that *Josiah Grant* was
the servant, or agent of the defendant in that business ; and
as such servant, or agent, the plaintiff delivered said Grant
*seventy-seven dollars* and *thirty-four cents,* to be safely carried
from said Danville, and delivered to *Heman How,* at Wa-
terford, Vermont, who was a common carrier, to transmit
to the plaintiff.

And the defendant, to support the issue on his part, gave
evidence tending to prove, that said Grant did faithfully
discharge his duty as such servant, or agent of said defen-
dant, and did faithfully carry said money from said Dan-
ville to said Waterford, and there deliver the same to said
How, which was all that was required of the defendant to
do and perform ; and that said money, if lost, was not lost
by the laches or default of the defendant.

The plaintiff, for the purpose of showing that said
money was not so delivered to, and lost by said How, but
was lost by the defendant, offered said How as a witness ;
and the defendant objected to the admission of said How
as such witness, on the ground that he was interested in
the event of said cause, the plaintiff not having released or
discharged said How from his said interest, or liability.
But the Court overruled said objection, and admitted said
How to testify ; and said How did give evidence tending
to prove, that said money was not delivered to him by the
defendant, or his said servant, Grant ; and that if said mon-
ey was lost, it was by the default of the defendant, or
his said servant. The jury returned a verdict for the

plaintiff. To which decision, and admission of said How to testify, the defendant excepted. The exception was allowed, & the cause ordered to pass to the Supreme Court for their decision.

Essex,
March,
1833.

Denison
vs.
Hibbard.

*The defendant, by his counsel,* relied on the following authorities : *Green* vs. *The New River Company,* 4 T. R. 689. In an action against a master for the negligence of a servant, the latter is not a competent witness to disprove the the negligence without a release. *De Symonds* vs. *De Lacour,* 2 W. R. 374—Captain of a vessel and part owner may testify as to her original destination; for in this question, he has no interest; but he cannot testify as to her deviation, for he is liable to the other part owners, if any loss has happened by such deviation.

*Rotherse et al.* vs. *Elton,* Peake, 85—*Assumpsit* on policy of insurance of plaintiff's goods. The question was, whether the ship was sea-worthy or not. The owner of the ship was called as a witness. *Erskine* objected, that he was interested in the event of the suit : he comes to exonerate himself from the action, which the plaintiffs will have against him, if they fail in this action; for the law will imply a warranty on his part, that the ship was staunch. Ld. *Kenyon,* J.—This witness is directly interested, in the manner mentioned by Mr. *Erskine.*

*Miller* vs. *Falconer,* 1 Camp. 251.—Case for negligence in running against plaintiff's cart with a dray. The first witness called was the servant, who drove the cart, when the accident happened. The witness was objected to. Ld. *Ellenborough.*—The witness certainly comes to discharge himself, and therefore ought to be released.

——— vs. *Foote,* 8 Taunt. 454.—Case for negligently driving a small coach against the plaintiff's waggon-horse, whereby it died. Held, that the plaintiff's waggoner was incompetent to prove the negligence of the defendant without a release from his master.

*The plaintiff, by his counsel,* contended,

1st, That a bare possibility that an action may be bro't against a witness, does not exclude him.—1 Swift's Dig. 740.—1 T. R. 163.

Essex,
March,
1833.

Denison
vs.
Hibbard.

2d, How's interest is equally balanced, and he therefore is a competent witness.—1 Swift's Dig. 742.—14 T. R. 79.—7 T. R. 480.

3d, Persons may be witnesses who are agents, and liable to suits.—1 Swift's Dig. 741–4.—1 Black. R. 366.—2 Strange, 1069.

4th, Servants and brokers, who receive money for their masters, are competent witnesses.—1 Swift's Dig. 744.

The opinion of the Court was pronounced by

BAYLIES, J.—One of the best writers upon evidence, says, " It is now clearly established, that no interest in any disputed question will render a witness incompetent, who is not interested in the particular result, or in the record. There is, however, a considerable class of cases, where a witness is not, by reason of his connexion with the parties, or the subject matter of litigation, generally incompetent, but where he may be rendered incompetent by the nature of the *particular question* agitated at the trial. This happens where the event of the cause turns upon the question, which, if decided one way, would render the witness liable over to one of the parties, but where a contrary decision would protect him.

" Thus, in an action on a policy of insurance on goods, the Captain of the vessel has not, in the abstract, any interest either in the immediate result of the cause, or in the record ; and if the question were merely to be what was the original destination of the ship, he would be a competent witness for the plaintiff, to show that he acted under his direction. But if the question turned upon a deviation, he would be incompetent to prove that he had not been guilty of a deviation ; for if the plaintiff failed, he would be responsible to him for the consequences of such deviation, and he would then labor under an interest in the event of the suit.

" In this and similar cases, it is to be observed, that the incompetency does not arise from the general relation of the witness to the parties, or from a direct interest in the immediate event of the suit, or in the record ; for he is competent for general purposes. It is the particular question, and the consequent liability of the witness in one e-

vent, turning upon the question, which generates the objection.

Essex,
March,
1833.

Denison
vs.
Hibbard.

" When the event of the cause depends on the question of the witness's misconduct, the case is the same, as far as regards his competency, as if the sole issue had been joined upon that question.

" And in general, where the plaintiff, in order to recover, must prove the performance of some duty, or contract by a party, whom he has employed, the latter is not, it *seems*, a competent witness for the plaintiff to prove the performance of that duty, or contract; for upon failure in such proof, he would be responsible to the plaintiff for the consequences of his own misconduct, or breach of contract; or, perhaps more properly, it should be said, that by means of such proof, he would avert the consequences of his misconduct.

" Where, however, the party so employed was the actual agent, who transacted the business of the principal, he is, as has been seen, competent on the score of *necessity;* but although an agent, who actually executed the business of his principal is, it *seems*, in all cases competent to prove that he acted according to the directions of his principal, on the ground of *necessity*, and because the principal can never maintain an action against his agent for acting according to his own directions, whatever may be the result of the cause, yet if the cause depend upon the question, whether the agent has been guilty of some *tortious* act, or some negligence in the course of executing the orders of the principal, and in respect of which he would be liable over to the principal if he failed in the action, the agent is not competent without a release."—3 Starkie's Evidence, 1728–29–30.

When we examine the bill of exceptions in this case, and learn what was the *particular question* agitated at the trial, we cannot but perceive that *Heman How*, the witness, had a deep interest in that question. The question was, did How, as a common carrier, receive the money of *Josiah Grant*, to transmit to the plaintiff, as Grant testified ? If How so received the money, he was liable to the plaintiff for it; and it was for his interest to testify, that he did not receive the money, and to charge the defendant with the

Essex,
March,
1833.

Denison
vs.
Hibbard.

loss of it, so as to exonerate himself from any liability to the plaintiff. Being thus interested, it is obvious that he was not a competent witness without a release.

The judgement of the County Court is reversed, and a new trial is granted.