## IRA PARSONS *v.* MOSES STRONG.

In an action by a sheriff against a receipt-man, for not returning property
attached, *it was held* that parol evidence was not admissible to show that
the property was of greater value than the sum expressed in the receipt,
and that the sum so expressed must govern in fixing the extent of the
receipt-man's liability, whether the action was assumpsit or trover.

ACTION on the case, against the defendant, for not deliv-
ering to plaintiff certain property, taken by plaintiff, as dep-
uty sheriff, by virtue of a writ of attachment in favor of one
Allen against Moses M. Strong, and a writ of sequestration
in favor of Reuben R. Thrall against said Moses M., which
property the defendant receipted to the plaintiff, and, in his
receipt, agreed to safely keep the property, free of expense,
and re-deliver it to the plaintiff on demand. The value of
the property, as stated in the receipt, was four hundred and

fifty dollars. The judgment in favor of Thrall against said Moses M., was for a larger sum than the value of the property specified in the receipt.

Plea, not guilty, and issue to the court.

On the trial in the county court, the plaintiff offered to prove, by oral testimony, that the property was of greater value than the sum specified in the receipt ; to which the defendant objected ; but the court overruled the objection, and admitted the testimony, which tended to prove that the property receipted was worth more than one thousand dollars. The plaintiff further proved that he had been sued, and a judgment recovered against him, for not collecting the execution in favor of Thrall against said Moses M. To this evidence the defendant also objected, but the court overruled the objection.

The county court rendered judgment for the plaintiff to recover the amount of the judgment in favor of Thrall against said Moses M., and the interest thereon, and the costs in the suit against the plaintiff for not collecting said execution, being less than the actual value of the property receipted by the defendant, but exceeding the sum specified in the defendant's receipt.

The defendant excepted to the decisions and judgment of the county court.

———— ————, for defendant.

The defendant contends that the receipt given in evidence merely shows a contract between the parties. This contract is in writing. The extent of liability is fixed by the writing, and parol evidence is as inadmissible to extend that liability as it would be to restrict it.

It cannot be contended, with any plausibility, that the signer of this receipt could be permitted to introduce evidence to show that the property, named in the receipt, was worth less than the sum specified.

That one of the parties to this contract was an officer, ought not to alter the rules by which it is to be construed, or the principles by which it is to be governed.

So long as we continue the practice of attachment, on mesne process, the making of such contracts must compose an important as well as economical constituent part of our

mode of securing and collecting debts, and it at once becomes matter of public importance and general utility, that such contracts should receive such a construction as will make them most beneficial for all persons interested.

The process by replevin is more expensive, and, to some extent, intricate ; to proceed by taking a receipt, is simple, plain and economical.

It is safer, both for the officer and the receiptor, to have the value fixed in the receipt.

It cannot, reasonably, be contended that these are words of description ; as such, they are vague and inappropriate.

*R. R. Thrall,* for plaintiff.

The value of the property, at the time it was demanded of the receiptor, is the true criterion, and not its estimated value at the time of its delivery to the receipt-man. The defendant was the mere agent of the plaintiff, and had acquired no right to dispose of the property ; but was bound to re-deliver it, on demand, and the plaintiff had a right to make the demand at any time. He retained the right of possession at all times. *Beach* v. *Abbot, et al.* 4 Vt. R. 605. *Pierson* v. *Hovey, et al.* 1 D. Chip. 51. *Rood* v. *Scott, et al.* 5 Vt. R. 263. *Phillips* v. *Bridge,* 11 Mass. R. 242.

The mere depositary of goods has no property in them. *Hastrop* v. *Hoar,* 3 Atk. 49. Story on Bailments, 72, 73. *Isaac* v. *Clark,* 2 Buls. R. 306.

The receipt-man has a mere naked custody, and no property, in the thing receipted. 8 Cowen, 137. 1 Cowen, 322. 8 Vt. R. 15.

The opinion of the court was delivered by

BENNETT, J.—Whether parol evidence was admissible to show that the property was of greater value, than that specified in the receipt, must depend upon the construction which we give the contract. It has been said that the words, " of the value of," &c., are descriptive of the property, and do not constitute a part of the contract. But I cannot think they were used with that intent. They are not proper words of description,—do not serve to identify the property, and would be useless for that purpose. To say of a horse, or of a wagon, they are of a particular value, which always

rests in opinion, would indeed be a strange description, and have little to do with the distinguishing of them from others of their kind. The words are important, and I can have no doubt that they were inserted for the purpose of measuring the extent of the receipt-man's liability, and they became an essential part of the contract. Receipts of this kind are, ordinarily, procured at the instance of the debtor, and for his accommodation, in order that he may still have the use of the property attached. In this very case, the provision in the receipt, that the property should be returned free of expense, tends [to show that this was of that character, though the case itself is silent as to what became of the property. Officers' receipts are designed as an indemnity to the sheriff against any claim which the attaching creditor may have against him, and, though, in some cases, he may, upon the attachment being dissolved, be responsible to the debtor for the return of the property ; yet, as the receipt-man, is ordinarily a mediator, merely, between the debtor and the officer, he is released from such responsibility. It has been a common practice for sheriffs to have a valuation of the property attached, affixed in the receipt ; and this is designed for the benefit of the creditor ; and though the receipt may be taken without his privity, yet, it is always safe for the officer, provided the valuation is fully equal to the value of the property. The object of affixing a valuation is, to conclude the receipt-man, and I believe it has long been considered, by the profession and our courts, as well settled, that the receipt-man could not, by parol, reduce his liability below the value of the property affixed in the receipt ; and, indeed, in the case of *Spencer* v. *Williams, et al.* 2 Vt. R. 209, it was held that the receipt-man could not be permitted to show that no such property, as that specified in the receipt, was ever in fact attached. The plaintiff was not obliged to take a receipt, and, if he did, much less was he obliged to have a valuation affixed to the property, and, no doubt, would not have so done, if it had not been matter of mutual stipulation between them. The receipt-man was willing to be accountable for the property at a given price, free of expense ; and I can have no doubt that the valuation was agreed upon, to limit the extent of his liability in case the property was not returned. Though the receipt-man, in a certain sense, is

RUTLAND,
*February,*
1841.

but the servant of the officer; yet, his possession of the property is coupled with an interest. There is no doubt, however, that the officer may, at any time, as against the debtor, or receipt-man, re-take the possession of the property, notwithstanding the valuation. This, however, cannot affect the present question. Though the receipt-man gained no interest in the property, as against the officer, still, it was competent for them to stipulate for the rule of damages, in case of a non-delivery of the property. This, in effect, has been done, and it must be mutually conclusive upon the parties. It can, in this respect, make no difference whether the action is, in form, *assumpsit,* or in case, *ex delicto.* In either, the contract of the parties would govern as to the rule of damages. The consequence is, that the judgment of the county court must be reversed, and a new trial granted.

COLLAMER, J.—dissenting.