## COUNTY OF ORLEANS,

AT THE

## AUGUST TERM, 1876.

PRESENT :

Hon. HOYT H. WHEELER,  }
Hon. HOMER E. ROYCE,  } ASSISTANT JUDGES.
Hon. JONATHAN ROSS,  }

---

### BOWLEY *v.* ANGIRE AND OTHERS.

#### *Attachment. Liability of Receiptor.*

A receipt for property attached was for twenty-five watches and other property, all of the value, as the receipt stated, of $2500. In trover by the officer against the receiptors for twenty-one watches not returned, the receiptors sought to show that the debtor had only four watches at the time of the attachment, and that plaintiff knew it, but said to the receiptors at the time the receipt was executed, in answer to a question by one of them, that he supposed they would be liable only for so many as the debtor owned, that they delivered the receipt to plaintiff in reliance upon that representation, and that the value of the property was less than that stated in the receipt. *Held*, that the receipt was conclusive, so far as the liability of the receiptors was concerned, as to the ownership and value of the property named therein; that the legal effect of the receipt could not be varied by evidence of what plaintiff said at the time the receipt was executed, there having been no deceit as to any matter of fact; and that plaintiff was not estopped to claim the full benefit of the receipt.

TROVER for twenty-one watches. The case was referred, and by the referee's report the following facts appeared. The plain-

tiff, a constable, at the suit of one James, attached property of Albert Hodsden, consisting, among other things, of several watches, and the defendants receipted it. The suit in which said attachment was made was duly prosecuted to judgment, and the property attached charged in execution and by the plaintiff demanded of the defendants. The defendants delivered to him three watches and the other property attached, and $100 in money, proceeds of sale of one watch sold after said attachment was made, which said property the plaintiff duly advertised and sold upon the execution, and the execution was afterwards returned satisfied in part only. The defendants claimed that the property delivered by them to the plaintiff and by him sold on the execution, was all the property that Hodsden owned at the time of said attachment; that as to the remaining twenty-one watches, parcel of the twenty-five mentioned in the receipt, the attachment was fictitious; that plaintiff knew that Hodsden had only four watches; that he represented to the defendants before said receipt was executed, that they would be liable on the receipt for such property only as Hodsden owned, without regard to the terms of the receipt, and that it was on the faith of that representation that the defendants executed the receipt. And the defendants offered in support of that claim, evidence from which the referee found that at the time the receipt was executed, Hodsden had only four watches; that plaintiff was then so informed by Hodsden and Buck, one of the defendants; that after the receipt was signed, Buck asked for the receipt, and it was handed to him, when, in course of further conversation, Buck remarked that he supposed the signers would be held only for the number Hodsden actually had, to which plaintiff replied that he supposed so; that Buck asked for the receipt for the purpose of destroying it, and that he returned it on the faith of what plaintiff said as to his liability; that at the time the receipt was executed and at the time execution was issued, Hodsden had other attachable property more than sufficient to have satisfied the claim upon which the attachment was made. To the admission of that evidence the plaintiff objected, for that the receipt was a contract not to be varied by extrinsic evidence, and for that defendants were estopped to deny

that they received the watches named therein. The referee received it for the purpose of fully presenting the claims of the parties. From the evidence so introduced, the referee found the value of the property less than stated in the receipt, and other facts not necessary to be stated.

The court, at the February Term, 1876, rendered judgment, *pro forma*, for the defendants ; to which the plaintiff excepted.

*W. D. Crane (Edwards & Dickerman* with him), for the plaintiff.

Evidence to vary or contradict the receipt was improperly received. *Spencer* v. *Williams,* 2 Vt. 209 ; *Jewett* v. *Torrey,* 11 Mass. 219 ; *Lyman* v. *Lyman,* 11 Mass. 317 ; *Bridge* v. *Tryman,* 14 Mass. 189 ; *Lowry* v. *Cady et al.* 4 Vt. 504 ; *Allen* v. *Butler et als.* 9 Vt. 122 ; *Parsons* v. *Strong,* 13 Vt. 235 ; *Pettes* v. *Marsh,* 15 Vt. 454 ; *Stimson* v. *Ward et al.* 47 Vt 624.

*Young (Gleed* with him), for the defendants.

The parol evidence received by the referee was not offered to vary or qualify the terms of the receipt, but to show that the receipt was obtained by the plaintiff by such means that he was estopped from using it against these defendants ; and for that purpose, the evidence was clearly admissible, and tended, at least, to establish a legal defence. *Heane* v. *Rogers,* 9 B. & C. 260 ; *Newton* v. *Liddiard,* 12 Q. B. 925 ; *Howes* v. *Spicer,* 23 Vt. 508 ; *Shaw* v. *Beebe et al.* 35 Vt. 205 ; 2 Parsons Cont. 340, 793, *et seq. ; Wyatt* v. *Hertford,* 3 East, 147 ; 1 Greenl. Ev. 207 and notes ; Big Estop. 542, 543 ; Royce, J., in *Halloran* v. *Whitcomb,* 43 Vt. 312 ; *King* v. *Farnsworth,* 17 Conn. 355 ; *Whittaker* v. *Williams,* 20 Ib. 98 ; *Shaw* v. *Beebe et al.* 35 Vt. 204.

The opinion of the court was delivered by

Royce, J. The first question presented by the report of the referee is as to the admissibility as evidence of what transpired between the plaintiff and Hodsden and Buck at the time the receipt was executed and delivered to the plaintiff. The benefit which the defendants claimed from the facts which that evidence

tended to establish, was, to limit their liability to account, to the property described in the receipt which at that time belonged to Hodsden. In *Spencer* v. *Williams et als.* 2 Vt. 209, which was an action upon a receipt for property attached, it was held that it was not competent for the defendants to show that no such property as was described in the receipt was attached by the plaintiff, and that no such property was ever in his possession, or delivered by him to the defendants; and that has ever since been regarded as the settled rule upon the subject in this state. And the party giving such a receipt cannot, by parol evidence, reduce his liability below the value as named in the receipt. *Parsons* v. *Strong*, 13 Vt. 235. The receipt, then, being conclusive upon both of those questions, the evidence which was admitted by the referee, and upon which he found the facts in relation to the ownership and value of the property described in the receipt, should have been excluded. And we do not think that the legal effect of the receipt would be varied or controlled by the representations which were shown to have been made by the plaintiff to the defendants at the time of its execution. They were not deceived or misled by them upon any matter of fact. It was only upon the question of the extent of their legal liability that they claim they were influenced by them. There was no deceit or fraud in making them, and it does not appear that the plaintiff possessed any knowledge upon the subject superior to that possessed by the defendants. When the defendants executed the receipt, although they were induced to execute it by the legal opinion of the officer to whom they gave it, they rendered themselves liable to the same extent as if no such opinion had been given; and upon all the facts found by the referee, the plaintiff is not equitably estopped from claiming the full benefit of the receipt as it was executed.

Judgment reversed, and judgment for plaintiff upon the report for $1,175.47 damages, and interest since the 5th of April, 1875, and for his costs.