# SUPREME COURT.

## TALLMAN AND OTHERS agt. HOLLISTER AND. OTHERS.

The provision of § 122 of the Code, that " when, in an action for the recovery of real or personal property, a person, not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be brought in by the proper amendment," must be construed to extend only to actions for the recovery of *specific* real or personal property.

*Wayne Special Term, July,* 1854. Petition of William K Mead and others to be made parties defendants.

The petitioners, in December, 1853, commenced an action against the defendant, Abner W. Hollister, in which an attach-

Tallman and others agt. Hollister and others.

ment was issued, under which attachment the share of that defendant in certain real estate, which had descended to him and others, was seized, on or before the 4th of January, 1854. The plaintiffs in the present action recovered a judgment against the same defendant, on or about the 7th of February, 1854. In April following the real estate aforesaid was sold under an order of the surrogate of Cayuga county, to pay the debts of the ancestor from whom it had descended, and after paying the debts a large surplus remains in the hands of the surrogate. The petitioners recovered judgment in their action on the 12th of May, 1854. The present action is in the nature of a creditor's suit under the late chancery system, and is brought, among other things, to reach the share of the judgment debtor in the surplus moneys in the hands of the surrogate.

G. O. RATHBUN, *for petitioners.*
WM. ALLEN, *for plaintiffs.*

T. R. STRONG, Justice. Upon the case, as made by the papers, I am satisfied that the petitioners are entitled, so far as is necessary to pay their judgment, to the share which would belong to Abner W. Hollister, but for the claims of his creditors, of the surplus proceeds of the sale of the real estate; that the lien which they acquired upon the real estate, by the seizure of it under their attachment, continues upon that share of the surplus; but I am of the opinion that they cannot be made parties to this action upon their application. Section 122 of the Code is not applicable to the case; it must be construed to extend only to actions for the recovery of *specific* real or personal property. (Judd agt. Young, 7 *How. Pr. R.* 79.) If the interest of the petitioners in the fund appears by the answer of any of the present defendants, and a defect of parties is insisted upon, on account of the petitioners not being made defendants, the plaintiffs may, perhaps, find it necessary to make them parties; or if their interest appears, and a defect of parties is not set up, the court may, of its own motion, direct them to be brought in; but unless they are thus made parties, they must resort to an action to enforce their rights, making the present

plaintiffs, and all others interested, parties; or to such other mode of relief as they may be advised is open to them.

The petition must be denied; but I think the petitioners ought not to be charged with costs. They might properly present the question whether they were not entitled to relief under the section referred to of the Code.