By the Court—Bosworth, Ch. J.
The defendants do not complain that there is a defect of parties; but the application that other persons be made parties defendants comes from strangers to the action, viz., Blake Brothers & Co., and the Bank of Mutual Redemption, the present appellants.
They do not ask to be made parties defendants on the ground that their interests are like those of the plaintiffs, and to the end that it is important that they may be in a position to see that they are properly protected; but they ask to be made parties to the end that they may litigate the plaintiffs’ right to maintain any action, and may also establish their own claim to be paid out of the property *615 in question, to the exclusion of all creditors standing in the position occupied by the plaintiffs.
The objection for want of parties must, as the general rule, proceed from the defendant. The plaintiff cannot, as the general rule, take an objection for want of parties, against the will of the defendant. (Innes v. Jackson, and Jackson v. Innes, 16 Ves., 362.) There are exceptions to the rule, and there are cases where the defect is so palpable and serious, that the Court may order a cause to stand over, that other persons may be made parties.
If it be conceded that the present is a case in which the Court might direct the appellants to be brought in as defendants, it must also be admitted that an appropriate remedy is a suit by the appellants against the present defendants, and the Receiver, as such. Whether it would be expedient to also make the present plaintiffs defendants in such an action need not be considered. The appellants, the Bank of Mutual Redemption, resorted to such a remedy, and made defendants all the persons above suggested, except the plaintiffs in this action.
In that suit all the relief can be granted, and all the questions settled, that could be granted or settled if they were defendants in this action.
It is inferable, from the proceedings had, that that suit was instituted after the orders of March the 29th, 1862, were made, or that in a suit then pending, Haggerty, as Receiver, and Blake Brothers & Co., have been made defendants.
If it had appeared, in answer to the applications resulting in those orders, that such a suit, with such parties, was then pending, that fact would have justified a denial of the applications, for it would then have appeared that the applicants had decided to proceed by action, instead of availing themselves of their remedy as interveners in this action; and clearly, they were not entitled to both remedies, when they could have obtained complete justice in the action brought by them.
It could not be important to the appellants, (if they *616 had, when these applications were made, a suit pending, brought and adapted to securing all the relief to which they were entitled,), that they should be permitted to intervene in this suit, and raise and litigate in it the same questions.
If that suit is yet undecided, it must be presumed that if these appellants have established their lien upon the fund, a judgment will be rendered which will enable them to enforce it.
If it has been decided, and decided adversely to their claims, there is no reason why they should be allowed to intervene, and litigate the same matters anew in this action.
If the present plaintiffs were defendants in that action, a judgment in it, on the merits, in favor-of the appellants, would conclude the present plaintiffs, and a judgment dismissing the complaint in that action, would conclude the present appellants.
The appellants have not moved their appeals from the orders of March 29, 1862, until after a suit brought by them, in accordance with the practice declared in Tallman v. Hollister, (9 How. Pr., 508,) has been tried, (and perhaps decided,) nor until the present action has been prosecuted to a decision. Over eight months have intervened since those orders were made, and before the appeals from them were argued.
The appellants were not entitled to an order requiring the plaintiffs to make them parties, as a matter of strict right.
The Court, in the exercise of a sound discretion, might deny the application, and leave them to their remedy bjl action. (Creagh v. Nugent, Mos., 354; Ball v. Tunnard, 6 Mod., 170; Harrison v. Morton, 4 Hen. & Munf., 483.) With the discretion of the Court thus exercised, the Court should not interfere on an appeal not brought to argument, until after such a remedy has been taken, and the action brought has been tried on its merits.
The orders of the 29th of March, 1862, should be affirmed.
The motion resulting in the order last made, was not *617 presented to the Court, until after the appellants’ action had been tried, (if, not decided.)
After bringing an action to establish their claims, and trying it on the merits, they must abide by the judgment rendered, or that may be rendered in it, or by the results of a review of it on appeal.
If they have failed, after a trial on the merits, they, presumptively, have no interest in the subject of the present action, beyond that which is protected by the judgment or order'that has been entered in it.
The order of the 8th of November, 1862, should also be affirmed.