## MAIN vs. BELL and another.

*Liability of receiptors for goods to sheriff.*

1. Receiptors to the sheriff for goods seized on attachment or execution, are liable to him only so far as he is liable to parties to the suit in which such seizure was made.
2. In an action against them by the sheriff, therefore, the receiptors may show that the goods were in fact exempt from execution, and have been delivered to the execution defendant; since those facts will discharge the sheriff from all liability.
3. Whether the receiptors can defend such action by showing a delivery of the goods by them to a third person. who is the real owner, is not here decided.

APPEAL from the Circuit Court for *Dane* County.

The defendants appeal from a judgment against them. The case is stated in the opinion.

*Carpenter & Chase*, for appellants, to the point that the receiptors might show that the property was

exempt from attachment, cited Drake on Attachment, 381; 2 Allen, 449; 2 N. H. 87; 36 Me. 322. To the point that the liability of the defendants to the sheriff was no greater than that of the sheriff to the attaching creditor, they cited Drake on Att. § 370; 28 Me. 505; 14 Vt. 491; 19 id. 65; 3 Met. 416; 10 Cush. 319. To the point that the receiptor, though he cannot defend by showing that he is himself the owner of the property, may defend by showing that the property was owned by a third party, and that the rightful owner has it, they cited 8 Me. 122; 19 id. 49; 7 N. H. 594; 7 Foster, 309; 4 Mass. 498; 12 id. 267; 13 id. 224; 11 Pick. 519; 9 Gray, 317; 24 Conn. 484.

*Sydney Foote*, for respondent, contended that exemption is a *personal privilege*, which no one but the party entitled to it can set up; and that defendants are estopped by their contract from raising any objection to plaintiff's right to attach the property as against Crane; citing *Earl v. Camp*, 16 Wend. 562; *Smith v. Hill*, 22 Barb. 656; *Cornell v. Dakin*, 38 N. Y. 253.

LYON, J. The plaintiff having seized certain property of Stephen Crane, by virtue of a writ of attachment issued in an action wherein one Ellen C. Cook was plaintiff and said Crane was defendant, the defendants in this action executed to the plaintiff, the following receipt: "Received of *Willett S. Main*, sheriff of Dane county, the following described personal property, this day attached in the above entitled action, being the property of the said Crane, which, for value received, we hereby agree to return to said *Main*, at the barn of Wm. A. Cook, in Rutland, Dane county, Wisconsin, whenever the same shall be demanded by said *Main* or his agent, and to become responsible therefor." The receipt was entitled in said action of *Cook v. Crane*, was signed by the defendants, and contained an inventory of the property,

which consisted of corn and wheat, and an appraisal thereof at $288.50. The original action proceeded to judgment against Crane, and an execution was issued thereon and placed in the hands of the plaintiff, as sheriff, for collection. In the meantime the defendants had re-delivered the property described in the receipt to Crane; and when it was demanded of them by the sheriff, they failed to deliver it to him in accordance with the terms of such receipt.

This action was brought to recover the value of such property. One of the defenses interposed by the answer is: that the property, when so seized, was exempt by law from seizure and sale upon attachment or execution, and that Crane claimed that it was so exempt at the time it was seized by the sheriff. The circuit judge, on the trial, seemed to be of the opinion that the defendants were estopped by their receipt and by the admissions in their answer, and excluded all of the testimony offered by them, amongst which were offers to prove that Crane did so claim the property as exempt at the time of the seizure thereof, and that the property had been returned to Crane.

By direction of the court, the plaintiff had a verdict and judgment for $305.79 ; from which judgment the defendants have appealed to this court.

There were other defenses set up in the answer, and offers to prove them made and rejected upon the trial; but, in the view we take of the case, we do not deem it necessary to state or discuss them.

We think that the learned circuit judge erred in excluding testimony tending to show that Crane claimed the property to be exempt by law from such seizure, and that the same had gone back into the hands of Crane; and also in sustaining objections to several questions put to a witness, the answers to which might tend to show that the property was in fact exempt.

The receipt, which is the foundation of this action,

in terms binds the defendants to deliver the property described therein to the plaintiff on demand. But the obligation to do so is by no means absolute in all cases and under all circumstances. The plaintiff may enforce that promise of the defendants to deliver the property to him, so far as is necessary to relieve him from all his obligations to all parties interested in the attachment, and no farther. Beyond this he has no claim whatever upon the defendants. Drake on Attachments, secs. 370 and 381; *Butterfield v. Converse,* 10 Cush. 317; *Sprague v. Wheatland,* 3 Met. 416; *Jameson v. Paddock,* 14 Vt. 491; *Moulton v. Chapin,* 15 Me. 505; *Cilley v. Jenness,* 2 N. H. 87; *Thayer v. Hunt,* 2 Allen, 449; *Allen v. Carty,* 19 Vt. 65.

The only persons interested in the attachment to whom the sheriff can be liable in respect to the property attached, were Ellen C. Cook, the plaintiff, and Stephen Crane, the defendant in the attachment suit. He can not be liable to Crane, if Crane has the property; and if it is exempt property, then he cannot be liable to Mrs. Cook. For, should Mrs. Cook bring an action against the plaintiff in respect to this property, it would be competent for him to show that the same was exempt by law from seizure on an attachment; and if he established that fact, it would be a perfect and complete defense to such action. *Cilley v. Jenness, supra.*

Hence the defendants should be allowed to prove, on the trial of this action, if they can, that the property was so exempt, and thus demonstrate that the plaintiff is not liable therefor to Mrs. Cook; also that Crane has the property, and therefore that he has no cause of action in respect thereto against the plaintiff. By thus proving that the plaintiff is absolved from any liability to either Mrs. Cook or Crane, the defendants will demonstrate that they are absolved from any liability to the plaintiff in respect to such property.

The cases cited by the counsel for the respondent

are not necessarily in conflict with the views above expressed. In *Earl v. Camp*, 16 Wend. 562, and in *Smith v. Hall*, 22 Barb. 656, the property had not been returned to the defendant in the attachment or execution, and the liability of the officer to such defendant remained. Hence, in those actions, which were brought by officers against third persons, evidence that the chattels which were the subject-matter of the suits, were exempt, was held inadmissible. On the same state of facts it would have been so held by any of the courts whose decisions are relied upon to sustain our views of the law of this case.

In *Cornell v. Dakin*, 38 N. Y. 253, the precise point decided was, that the receiptor of property seized by the sheriff by virtue of an execution, shall not be permitted to show, in an action on the receipt, that the property belonged to a person other than the execution debtor, who had it in possession.

Numerous authorities are cited in the brief of the appellant, which it is claimed maintain the opposite doctrine. We have not deemed it necessary to examine those authorities at length, or to pass upon the question decided in *Cornell v. Dakin*. We leave that to be done when a case shall arise which makes it our duty to do so.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded.