## MARY COWDRY v. THOS. CHESHIRE.

In an action by a *cestui que trust*, for the recovery of land devised to a trustee for her sole use and benefit, during her natural life, and then over to the heirs of her body, and which land had been sold by said trustee, under a petition in Equity, without said *cestui que trust's* knowledge or consent: IT WAS HELD, that the trustee was a necessary party to the action, and the case was remanded in order to make him one.

This was a CIVIL ACTION, tried before FURCHES, J., and a jury, at Spring Term, 1876, of IREDELL Superior Court, to recover possession of a tract of land.

The following issues were submitted to the jury:

(1.) Is the plaintiff the owner, and entitled to the immediate possession of the land in possession of the defendant?

(2.) What damages is the plaintiff entitled to recover, for the use and occupation?

The plaintiff claimed the land under the following clause of the will of John McLelland, who died in 1850:

"Item 5th: I give and bequeath to my neighbor and friend, Dr. R. H. Parks, 225 acres of land, lying on the waters of Dutchman's creek, being a part of the plantation on which I formerly resided, including the dwelling and out-houses; *in trust and confidence, nevertheless,* for the sole use and benefit of Mary Cowdry, wife of Thomas Cowdry, and the heirs of her body, during her natural life, and at her death to the heirs of her body, to their own use, them and their heirs, in *fee simple* forever."

The plaintiff further proved by her own deposition, that her husband, Thos. Cowdry, died in the State of Georgia, in June, 1858. She also testified that she never authorized the trustee, Dr. R. H. Parks, to file a petition in Equity for the sale of the said land, and never assented thereto, or to the sale, or approved the same. Plaintiff also proved by Dr. Parks, the trustee, that the petition was filed and the sale made without consulting the plaintiff, and as far as he recol-

lected, without her knowledge or consent; she being at the time, and now is, a non-resident. The plaintiff has children who are still living.

The defendant offered as evidence the petition of R. H. Parks, trustee of Mary Cowdry, and the heirs of her body for the sale of said land, filed in the Court of Equity, at Fall Term, 1858; also a decree to sell, report of sale, and an order of confirmation. He also proved the payment of the purchase money for the land by Holmes to R. H. Parks, trustee, through the Clerk and Master. Also an order to make title, and the deed from the Clerk and Master to Nathaniel Holmes. Defendant also proved that said land was divided by said Nathaniel Holmes between the wife of the defendant, who was his daughter, and her brother, a son of said Holmes, who gave to the parties deeds for their respective parts; that since 1861, he has been in possession of 105 acres of the land, claiming the same for his wife.

Both parties offered evidence as to yearly rental value of the land.

For the defendant it was contended that the action being to recover possession of the land, under plaintiff's title, as a legal estate, could not be maintained; and that on the first issue, the plaintiff could not recover.

That Dr. R. H. Parks is a necessary party to any action by the plaintiff; that the trust fund, the land, having been converted into money by a Court of Equity, the money in the hands of the trustee is held by him on the same trust, and the plaintiff must look to him.

The plaintiff contended that upon the death of her husband in 1858, she become immediately vested with the title to the whole estate in fee, legal and equitable, and the estate of the trustee, Parks, ended. That as to her, the petition in Equity and the subsequent proceedings were nullities, she not having assented thereto; and that she is entitled in this action to recover the land itself.

By consent of counsel, his Honor reserved the questions of law arising in the case, and a verdict was entered for the plaintiff.

Afterwards, upon consideration, being of opinion with defendant, the verdict was set aside, and a judgment of non-suit entered. From this judgment the plaintiff appealed.

*Armfield* ᵗ *Folk*, for appellant.
*Scott & Caldwell*, contra.

• READE, J. PER CURIAM. Case remanded to make Dr. Parks a party defendant, and the children of Mrs. Cowdry parties plaintiff.