Andrews, J.
By the order of the special term of April 24, 1877, liberty was given to Barnes & Hanover to appear in behalf of Violetta A. Bedell, a policyholder in the North America Life Insurance Company, and any persons similarly situated, in all motions and proceedings herein, and the order provided that notices of all motions and proceedings in court on the part of the attorney-general, or of the receiver of the corporation, be made upon said firm. Prior to the making of this order, and on March 8, 1877, a receiver of the company had been appointed upon the application of the attorney-general, pursuant to the provisions of Laws of 1869, chapter 902, and the company enjoined from the further prosecution of its business. There was no appeal from the order of April 24.
The receiver, as the officer of the court, represented *303 the policy-holders and the creditors of the company. But it was competent for the court, in the exercise of its equitable jurisdiction, to permit parties interested in the administration of the property and assets of the corporation, to appear and be made parties to proceedings taken by or against the receiver, by which their rights might be affected. It was in the discretion of the court to allow the policy-holders, who stood in the positions of cestuis que trustent, to appear and represent their own interests. There is in strictness no suit to which the policy-holders can be made parties. The proceeding for the appointment of a receiver under the act of 1869 is summary and special. The object of the order of April 24, as is apparent upon its face, was to give the policy-holders represented by Barnes & Hanover a standing in court, to enable them to appear and be heard upon applications made by the attorney-general or the receiver in respect to the affairs of the company, and the right to appear, and thereby become parties to such proceedings, included the right to appeal from orders made affecting their interests. The order of the general term, dismissing the appeal of the policy-holders from the order confirming the actuary’s report, was erroneous.
The order of confirmation was made upon the application of the receiver for instructions upon the matters embraced in the report, which application was made on notice to Barnes & Hanover, as attorneys for policyholders, given pursuant to the order of April 24. They appeared and filed exceptions to the report, and were heard before the special term on the application for the order for confirmation. The policy-holders, in whose behalf the exceptions were filed, then appealed to the general term, and their appeal was dismissed, on the ground that they were not parties to the proceedings, and had no right to appeal. They were, we think, made parties by the notice served on them, *304 pursuant to the order of April 24, and their appearance in pursuance thereof on the hearing at the special term, and were parties aggrieved within the' meaning of section 1294 of the Code.
The order of the general term is therefore reversed, and the case remitted to that court for hearing and decision on the merits.

I

All the judges concurred.
Ordered accordingly.
Note on Intervening.
The principles by which the court is guided in applications to intervene are indicated by the following authorities, which will afford the reader a clue to the subject at large:
Birdsong v. Birdsong, 2 Head (Tenn.), 289, 302 (1859, Supreme Ct. of Tenn., opinion by Wright, J.). “ The general rule requiring all persons in interest to be made parties to the suit is in most" cases not in any just sense a right of the parties brought before the court, but rather a rule prescribed by courts of equity to themselves in the exercise of their jurisdiction, founded upon their notions of public policy, or public convenience. It is in a great measure a rule of discretion, founded "in the anxiety of those courts to do justice among all the parties having an interest in the subject matter or object of the suit, whether that interest be mediate or immediate, present or future, for the purpose of suppressing future controversy and litigation. Citing Story Eq. Pl. § 185, a.”
“The general rule,” says Story (Story Eq. Pl. § 207), in speaking of the necessary parties plaintiff in equity cases of trust, ‘' is, that in suits respecting the trust property, brought either by or against the trustees, the cestuis que trust (or beneficiaries), as well as the trustees, are necessary parties. The trustees have the legal interest, and therefore they are necessary parties. The cestuis que trust (or beneficiaries) have the equitable and ultimate interest to be affected by the decree, and therefore they are necessary parties.” And he says further (§ 208): “Upon the general principles of courts of equity there would be an impropriety in binding either the legal claimants or the equitable claimants, unless they were fully represented and permitted to assert their rights before the court; and if not bound the decree would not be final on the matter litigated. If the cestuis que trust (or beneficiaries) should not be made parties to the suit, and their interests are apparent, a court of equity will sometimes, as a *305 matter of indulgence, and to prevent further delay and expense, allow them (if they wish) to bring forward their claims by petition, in order to have their interests ascertained, and their rights protected. But at all events they may bring a bill against their trustees and the original plaintiff, and assert and protect their rights in the other suit.”
The foregoing statement, so far as it supports the idea that the cestuis que trust are necessary parties, in the strict sense, is not in accordance with the procedure now adopted in the courts of most of the States of the Union, or of the United States.
The cestuis que trust are proper, but not, as against defendant, necessary co-plaintiffs.
Redfield says, in Story on Equity Pleadings, 8th ed., p. 289,
§ 287, d: “ Sometimes one not a necessary party to the bill may be admitted on his own petition in order to secure his interest or claim in the subject of the suit; as where the bill is brought for specific performance of a contract for the purchase of land, and the claimant asserts a paramount title to the land under the defendant in' a form liable to be embarrassed by the decree. But we apprehend this will not ordinarily be done unless where fraud or connivance is alleged, or conspiracy to defeat the interest set up by such claimant.
“§ 237, b. And in some of the American States the rule requiring all interests to be represented in the suit is not enforced as one of strict law, but is treated as one of discretion merely. And it is said if parties whose interests are apparent are not joined, they may come in by petition, and have the benefit of the proof already taken, and will not be driven to a second contest.”
In these two sections from BedfleWs Story authorities are not collected, and the point seems to have received little consideration. The numerous cases cited below show how fully the courts recognize the propriety of admitting .parties having only an equity which is already represented by one having the legal title.
The doctrine of courts óf equity, allowing persons who have an interest in the decision of the controversy to be heard, and to be made a party, is so broad and so necessary to the administration of equity, that, in a case where the United States have an interest, but cannot' constitutionally become a party, the attorney-general will be allowed1 to intervene, and be heard without becoming a party. Florida v. Georgia, 17 How. U. S. 478, 493.
On the general subject, in addition to the foregoing authorities,, the reader may be referred to the following cases : Halstead v. Cockroft, 40 N. Y. Super. Ct. (J. & S.) 519; O’Hara v. MacConnell, 93 U. S. (3 Otto) 150; Carey v. Broom, 92 Id. (2 Otto) 171; Farmers’, &c. *306 Bank v. Polk, 1 Del. 167; Forbes v. Memphis, &c. R. R. Co., 2 Woods, 323; Cronin v. Watkins, 1 Term. Ch. 119; Cowdrey v. Cheshire, 75 N. C. 285; Hubbard v. Burrell, 41 Wisc. 365; Stretch v. Stretch, 2 Tenn. Ch. 140; Speak v. Ransom, Id. 210; Calvert on Parties, 1 Law Library, 35 [58]; Hopkirk v. Page, 2 Brock. Marsh. 20, 42; Carter v. Mills, 30 Mo. 432; Drew v. Harman, 5 Price, 319; Willett v. Stringer, 17 Abb. Pr. 152; Dwight’s Case, 15 Id. 259; Davis v. Mayor, 14 N. Y. 506, 526; Gould v. Mortimer, 16 Abb. Pr. 448; Kelsey v. Murray, 18 Id. 294; Scheldt v. Sturgis, 10 Bosw. 606; Rothwell v. Dewees, 2 Black, 613; Francis v. United States, 5 Wall. 338; United States v. Patterson, 15 How. U. S. 10; Bellocque v. United States, 8 Ct. of Cl. 493; Cunningham v. Pell, 6 Paige, 655.
The same principles are illustrated by the practice in admiralty and in the court of claims.
Andrews v. Wall, 3 How. U. S. 568. It is incident to the jurisdiction by a court of admiralty proceeding in rem, to entertain supplemental suits or petitions by third persons intervening and claiming to be jointly entitled, with the complainants, to the res or a part thereof. Compare People v. Albany, &c. R. R. Co., 57 N. Y. 161.
United States v. The Anthony Mangin, 2 Pet. Adm. 452 (1802, Dist. of Md., opinion by Winchester, J.). Where proceedings are in rem, all the world become parties to the sentence, as far as the right of property is involved, and consequently all persons in any way interested in the property in question are admissible, to claim and defend their interests.
Turner v. United States, 2 Ct. of Cl. (Nott & H.) 390 (1866). Under the act relative to captured and abandoned property (12 Stat. at L. 280, March 12, 1863), which allows any person claiming to have been the' owner of any such abandoned or captured property to prefer his claim in the court of claims,—two parties, claiming each to have been the true owner of the property seized, and to be entitled to the proceeds, may be joined as parties claimant, and their conflicting claims be settled in one suit.
Crowell v. United States, 6 Ct. of Cl. 23 (1870, opinion by Nott, J.). Four several actions were brought in the court of claims by assignees of the respective causes of action, but all the causes were in effect on the same contract, and were brought in the name of the same assignor. The court, in order to avoid doubt whether several actions would lie on a single contract, granted a motion by the claimants to consolidate the cases into one, to be prosecuted by the contractor, for the use of the different parties respectively.
After trial, the liability of the United States having been fully established, and the evidence not being fully sufficient to determine *307 the respective interests of the several claimants,—Held, that the cause should be referred to a referee to take proof of the rights and interests of the respective parties for whose use and benefit the action was prosecuted, and judgment be suspended until the coming in and confirmation of the report.