CARNEY vs. GLEISSNER: CARNEY, Intervener.

*February 9 — March 3, 1885.*

*(1, 2) Husband and wife: Replevin: Intervention: Discretion. (3) Special proceeding: Appealable order.*

1. A husband may maintain replevin against his wife for chattels claimed by her to be her separate property. Sec. 2345, R. S.
2. In replevin the defendant disclaimed title in himself, alleging that the plaintiff's wife was the owner and that he was but her bailee. The wife thereupon, by petition stating the same facts, applied to be made a party defendant. *Held*, that she was entitled to be made such party, and it was not discretionary with the trial judge under sec. 2610, R. S., to deny her application.

3. An application by a person not a party to an action of replevin to be made, a party, under sec. 2610, R. S., is a *special proceeding* within the meaning of sec. 2594, R. S., and a final order therein affecting a substantial right is appealable. Subd. 2, sec. 3069, R. S.

APPEAL from the Circuit Court for *Waukesha* County. The case is thus stated by Mr. Justice CASSODAY:

" The plaintiff commenced an action of replevin against the defendant, Gleissner, in justice's court, to recover a buggy, cushion, and whip, of which the plaintiff was alleged to be the owner and entitled to the possession. The defendant, Gleissner, in his defense claimed to hold the property as the bailee or custodian thereof from *Elizabeth*, wife of the plaintiff, who was the owner thereof as her separate property under the statute. From the judgment in the justice's court the cause was appealed to the circuit court. Upon the trial in that court there was a verdict for the defendant, which that court set aside, and the order made thereon was affirmed by this court. 58 Wis. 674.

" Upon the cause being remanded, *Elizabeth H. Carney*, the wife of the plaintiff, petitioned the circuit court to be made a party defendant therein, upon the ground, in effect, that the property replevied was a part of her separate estate; that the plaintiff never owned nor had any interest therein; that the plaintiff's claim was adverse to hers, and that she desired to litigate the same with him; that her rights were directly involved; that Gleissner had simply held the property as her agent and bailee; that it was essential to her rights and the protection of her interests and the interest of her agent, that she be made such party and permitted to defend with all the rights attaching to parties to actions. The petition was duly verified. Upon the hearing of the petition, after due notice to the plaintiff's attorney, it was ordered that the petition be, and the same was thereby, denied, with $10 costs, to which the petitioner duly excepted.

From that order, and the whole thereof, the petitioner appeals."

For the appellant there was a brief signed by *Jenkins, Winkler & Smith*, of counsel, and *Vernon Tichenor* and *Sumner, Tullar & Hemlock*, attorneys, and the cause was argued orally by *C. H. Van Alstine*.

*Edward P. Vilas*, of counsel, for the respondent.

CASSODAY, J. The real controversy is between the husband and his wife, each claiming to be the absolute owner and entitled to the immediate possession of the property replevied. The commencement of the action was of itself a confession that at the time the actual possession was not in the plaintiff, but was in the defendant, Gleissner. The defendant, in effect, disclaimed title to the property in himself, and alleged ownership in the wife, and merely claimed to hold it as her agent or bailee,— in other words, that the wife held the legal possession of the property by the defendant as her agent or bailee, in whose actual custody it was. Upon the defendant's answer he had no right to the possession of or title to the property as against the wife. This has long been the settled rule. *Armory v. Delamirie*, 1 Strange, 505; *S. C.* Shir. Lead. Cas. 302; *Magee v. Scott*, 9 Cush. 148; *S. C.* 55 Am. Dec. 49. The proceeding, therefore, is not adverse to the defendant.

To succeed in the action against the defendant alone, it becomes necessary for the plaintiff to establish his legal title to the property. But the establishment of such title in the plaintiff in the action, as it now stands, would still leave open for future litigation the question whether the husband or the wife is the absolute owner of the property. The determination of the existing issue in favor of the plaintiff, therefore, without making the wife a party, would simply deprive the wife of the possession held for her by the defendant without a hearing, and without settling the real

controversy as to the absolute ownership and ultimate right to the possession. If there is anything in the old popular adage, that "possession is nine tenths of the law," then, to allow the action to proceed without making the wife a party defendant, might have the effect of depriving her of a very valuable right, without any adequate opportunity of defending that right. Still the question remains whether she has a right to be made such party.

It is urged by the learned counsel for the plaintiff that under that portion of sec. 2610, R. S., relating particularly to replevin, relied upon by counsel for the wife, it was in the sound discretion of the trial court whether to make the wife a party or not, and that the determination of that court should not be disturbed except where there has been an abuse of discretion. This construction of that language seems to be supported by reason and authority, and were it not for other language of the same section we might be inclined to so hold. But, under the issue stated, we do not think the court could determine the controversy between the plaintiff and the defendant alone, without prejudice to the rights of the wife, nor by saving her rights within the meaning of that section. On the contrary, we must hold, for the reasons already stated, that, within the meaning of that section, "a complete determination of the controversy cannot be had without the presence of" the wife. In the language of another clause of the section, she has "such interests in the subject matter of the controversy as require" her to be made a party for her own "due protection."

To enable the wife to duly protect her interests in the subject matter of the controversy, it becomes necessary that she be made a party, for otherwise she is precluded from testifying on the trial. 58 Wis. 674. If she is precluded from testifying, and the husband allowed to testify, her rights may be seriously jeopardized. Under these provisions the language of the section is: "The court *shall* order" the

party thus to be affected "to be brought in." This is conceded to be mandatory. The plain purpose of these provisions of the section is to secure a complete determination of the controversy, and at the same time prevent any determination prejudicial to the rights of any one not a party to the action, or when such person has such an interest in the subject matter of the controversy that his presence as a party is essential to the due protection of such interest. The right thus given to be made a party must always depend upon the facts disclosed. Where the facts disclosed show that the right exists, the duty of the court is not less mandatory because the application is made by one seeking to be made a party for his own due protection of such interests in a replevin suit, instead of being made by a party to the suit, or the court on its own motion, in some other kind of suit. These views seem to have the support of the decisions of other courts under similar statutes. *Conklin v. Bishop*, 3 Duer, 646; *Shaver v. Brainard*, 29 Barb. 25; *Cecil v. Smith*, 81 N. C. 285; *Hiner v. Newton*, 30 Wis. 640. The case is distinguishable from *Davis v. Mayor*, 14 N. Y. 506; *Scheidt v. Sturgis*, 10 Bosw. 606; *Colgrove v. Koonce*, 76 N. C. 363.

This application to be made a party must be regarded as a special proceeding within the meaning of sec. 2594, R. S. *Cornish v. M. & L. W. R. R. Co.* 60 Wis. 478; *Wis. Cent. R. R. Co. v. Cornell University*, 49 Wis. 164. Being a final order affecting a substantial right, made in a special proceeding, it is appealable. Subd. 2, sec. 3069, R. S.; *In re Orton*, 54 Wis. 379; *Evans v. St. Paul F. & M. Ins. Co.* 54 Wis. 522.

It is urged that the wife should not be made a party defendant, for the reason that the husband cannot maintain an action of replevin against his wife. This certainly would be the law on the old theory of the marital relation. Whether it is now, and in this state, must depend upon our own statute. It is the law in this state that " every married

woman may sue in her own name," and has "all the remedies of an unmarried woman in regard to her separate property or business," and is "liable to be sued in respect to her separate property or business, and judgment may be rendered against her, and be enforced against her and her separate property, in all respects as if she were unmarried." Sec. 2345, R. S. This statute means just what it says, and must be liberally construed. *Krouskop v. Shontz*, 51 Wis. 215; *Houghton v. Milburn*, 54 Wis. 564; *Shanahan v. Madison*, 57 Wis. 279. So construed, if not by its plain language, the statute entirely removes the disabilities of coverture as to such property, as well with respect to her dealings or contests with her husband as with any one else. *Beard v. Dedolph*, 29 Wis. 141. As to her separate property, or in contests over what she claims to be her separate property, there can be no doubt, under this statute, but what she can sue her husband at law or in equity. *Moore v. Moore*, 47 N. Y. 467; *Southwick v. Southwick*, 49 N. Y. 510; *Wright v. Wright*, 54 N. Y. 437; *Wood v. Wood*, 83 N. Y. 575; *Adams v. Adams*, 91 N. Y. 381. As to such cases, it seems to be equally clear that the husband can sue his wife at law or in equity. *Berdell v. Parkhurst*, 19 Hun, 358. That action was for the value of property alleged to have been converted by the wife. The language of our statute is plain. The wife may "be sued in respect to her separate property or business," and in respect thereto has "all the remedies of an unmarried woman." The husband is nowhere excepted from the operation of the statute, and we have no right to except him. We therefore hold that the wife is entitled to be made a party defendant.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.