WILDE, Respondent, vs. PASCHEN, Appellant.

*October 13 — November 3, 1886.*

*Replevin: Property of third persons: Parties: Judgment.*

Chattels attached by the sheriff as the property of D. were replevied by W. and delivered to him upon his undertaking pursuant to the statute. In his answer the sheriff justified under the attachment, admitted the value of the property to be as alleged in the complaint, elected to hold W. and his surety on the undertaking for such value, and demanded judgment accordingly. By a special verdict it was found that only a part of the property belonged to W.; that other portions thereof belonged to third persons not parties to the litigation; and that the sheriff had no special property in any of it under the attachment. It was said to have been conceded by all parties on the trial that D. was not the owner of any of the property when it was seized by the sheriff, and that W. had turned the same over to the rightful owners. Judgment was entered in favor of W. for his damages for the detention of his part of the property. On appeal by the sheriff, *held* that he was not entitled to judgment against W. for the value of the property which did not belong to the latter, but that all persons interested in the property should have been made parties and their rights determined by the judgment.

Wilde vs. Paschen.

APPEAL from the Circuit Court for *Milwaukee* County. The case is thus stated by Mr. Justice CASSODAY:

"In two certain actions, wherein Thomas Gilbreath and Otto Schmidt were severally plaintiffs, and Harry Deakin *et al.* were defendants, and upon writs of attachment therein duly issued, the defendant in this action, *George Paschen*, as sheriff, attached the goods, furniture, and fixtures in question, as the property of said Deakin, February 11, 1885. March 23, 1885, the plaintiff herein commenced this action against said sheriff for the recovery of the property so attached, or the sum of $1,500 (the value thereof, as alleged in the complaint therein) in case such delivery could not be had, and for damages and costs. The plaintiff herein claimed in this action to be the owner of the property so attached, under and by virtue of a chattel mortgage executed by said Deakin and wife to one Williams, April 24, 1884, and by Williams assigned to the plaintiff, January 9, 1885. An undertaking was given herein upon the part of the plaintiff, as required by sec. 2720, R. S., in the sum of $3,000, "for the return of said property" to the sheriff if return thereof should be adjudged, and for the payment to him of such sum as might, for any cause, be recovered against the plaintiff herein. Upon that undertaking, and the affidavit of the plaintiff, as required by sec. 2718, R. S., and other papers, duly served on the defendant, the coroner seized the property so attached, and took the same from the possession of the sheriff; and the defendant, not having claimed a return of the property as required by sec. 2722, R. S., the same was thereupon delivered to the plaintiff herein.

"In answering the complaint herein, the sheriff justified under said attachments, and judgments and execution in said actions, and, among other things, denied the plaintiff's ownership or right to the possession, or that he, as sheriff, had wrongfully taken or detained the property, and ex-

pressly admitted the value of the property to be the amount stated in the complaint as aforesaid, and therein elected to hold the plaintiff and his surety for the amount of such value, with interest, and demanded judgment accordingly. " Upon the trial the jury returned a special verdict to the effect (1) that a certain portion of said property described belonged to the plaintiff at the time of the commencement of this action, and that he was entitled to the possession thereof under his chattel mortgage; (2) that they assessed the value of such portion of said property as the plaintiff was (such) owner of at $320.10, and the plaintiff's damages for the detention thereof at six cents; (3) that the defendant, *George Paschen*, had a special property under said attachments in none of the property so attached; (4) that a certain portion of said property described, at the time of such attachments belonged to the 'musical society' mentioned in the evidence, and that the same was of the value of $938.25; (5) that a portion of said property described, at the time of such attachments belonged to Mrs. Kellogg, and was of the value of $50.50.

" The defendant thereupon moved to set aside the special verdict, and for a new trial, which motion was denied, and the defendant excepted. The defendant thereupon moved, upon the records and special verdict, for judgment in favor of the defendant, which was denied, and the defendant excepted. The plaintiff thereupon moved for judgment upon the whole record and the special verdict, and the same was ordered accordingly, to which the defendant excepted. The court thereupon entered judgment to the effect that the plaintiff was, at the time of the commencement of this action, the owner, and entitled to the possession, of the portion of the property so found to be his, of the value of $320.10, and that the defendant unlawfully withheld the same from plaintiff; and because the possession thereof had been turned over to the plaintiff, and still held

Wilde vs. Paschen.

by him, it was ordered and adjudged that the plaintiff recover six cents damages, and costs and disbursements, taxed at $118.94. From that judgment the defendant appeals."

For the appellant there was a brief by *Markham & Noyes,* and oral argument by *Mr. Noyes.* To the point that in replevin, if the title of the property replevied is found in a third person and not in the plaintiff, the defendant is entitled to a judgment against the plaintiff for the return of such property or its value, they cited *Delaney v. Canning,* 52 Wis. 266; *Kloety v. Delles,* 45 id. 484; *Timp v. Dockham,* 32 id. 146; *W. & W. Mfg. Co. v. Teetzlaff,* 53 id. 211; *Gallagher v. Bishop,* 15 id. 276; *Farmers' L. & T. Co. v. Comm. Bank,* id. 424; *Rose v. Tolly,* id. 443; *Beckwith v. Philleo,* id. 223; *Douglass v. Garrett,* 5 id. 85, 90; *Fugina v. Brownlie,* 65 id. 628; *Quincy v. Hall,* 1 Pick. 357; *Bartlett v. Brickett,* 98 Mass. 521; *Dawson v. Wetherbee,* 2 Allen, 461; *Morse v. Stone,* 5 Barb. 516; *Ingraham v. Hammond,* 1 Hill, 353; *Underwood v. White,* 45 Ill. 437; *Hoeffner v. Stratton,* 57 Me. 360; *Tuley v. Mauzey,* 4 B. Mon. 5; Story's Eq. Pl. (2d ed.) 456; Wells on Replevin, secs. 492–3, 589–695; *Schulenburg v. Harriman,* 21 Wall. 44.

*W. J. Turner,* for the respondent.

CASSODAY, J. The property attached by the defendant, and replevied by the plaintiff and delivered to him, consisted of a large number and variety of specific articles. According to the verdict of the jury, the plaintiff was the owner and entitled to the possession of only about one fourth in value of the articles. According to that verdict, it was only that one fourth of the property that was wrongfully detained by the defendant from the plaintiff. According to that verdict, the plaintiff was in no way concerned with the other three fourths in value of the property. Being in no way concerned as to that portion, he had, to that extent, no ground for his action of replevin. Such an action is to recover the

possession of personal property wrongfully detained from the plaintiff. There is no such thing as a vicarious right of replevin. The result was a failure of the plaintiff to recover as to three fourths of the property in value. Did such failure to recover on the part of the plaintiff entitle the defendant to a judgment for the return of such three fourths? In support of the negative of this proposition, it is said to have been "conceded by all the parties upon the trial of the action" that such three fourths was not the property of Deakin at the time of the seizure upon the attachments, and that the plaintiff had turned the same over to the rightful owners. There is nothing in the record indicating a voluntary surrender or relinquishment of such levy on the part of the defendant or those represented by him, nor a consent that the plaintiff might turn over such three fourths to third parties,— strangers to the litigation,— and thus relieve himself from any obligation therefor to the defendant. There is no agreement or stipulation to that effect. The order for judgment recites, in effect, that it appears from the undisputed evidence and the special verdict, that a large portion of such other property belonged to the Academy of Music, and another portion to a Mrs. Kellogg. But neither the Academy of Music nor Mrs. Kellogg was a party to the litigation. Without their being made parties, the defendant could not be forced to litigate that question; and, if he did, it would not be conclusive upon the parties finally claiming the property. Neither the court nor the jury could properly go outside of the issues made by the pleadings, and determine whether, at the time of the levy of the attachments, portions of the property attached belonged to such strangers, or to Deakin, but only as to whether the plaintiff had a right to any portion of the property under his chattel mortgage, superior to the defendant's levy; if so, return a verdict as required by sec. 2859, R. S. Had such third persons claimed such portion of the property from the defendant,

as indicated in sec. 2727, R. S., then the plaintiff would not have been entitled to the possession of such portion at all, except upon indemnifying the sheriff against such claim by special undertaking, as required by that section. It does not appear that any third party made any such claim from the defendant while he held the property. If any such claim was made from the plaintiff after the property was delivered to him by the coroner, or if the plaintiff after such delivery ascertained that such portion of the property belonged to such third persons, then he should have delivered the same to the defendant, and notified such third persons, or applied to the court for an order that such third persons be brought in as parties to the action, as provided by statute. Sec. 2610, R. S.; ch. 41, Laws of 1883. Such third persons, under that statute, had an absolute right to be made parties upon their own application. *Carney v. Gleissner,* 62 Wis. 493.

This court held, in effect, in *Main v. Bell,* 27 Wis. 517, that, in an action by the sheriff against receiptors to him for goods seized by him on attachment or execution, they might show that the goods were in fact exempt from execution, and consequently had been delivered to the execution defendant, since those facts would discharge him from liability *to such defendant.* Other cases are to the same effect. *Williams v. Morgan,* 50 Wis. 551, and cases there cited. But the question was left open in *Main v. Bell, supra,* and the other cases cited, whether such receiptor could defend against the sheriff, to whom they had given the receipt, by showing a delivery of the goods by them to a third person as the real owner. Mr. Justice Lyon distinguished *Main v. Bell* from New York cases, holding that such receiptors could not defend against the sheriff in such a case on the ground "that the property belonged to a person other than the execution debtor," to whom it had been delivered. *Cornell v. Dakin,* 38 N. Y. 253. See, also, *Case v. Steele,* 8 Pac. Rep. 242.

In the case at bar we are all convinced that there has been a mistrial. Moreover, to sanction the practice adopted in this case would not only lead to much uncertainty and confusion in the determination of title to property in such cases, but subject parties to repeated actions in favor of different persons, and hence to great injustice. Our statutes indicate a practice which amply protects the rights of all, and it should have been followed in this case. Of course, it would be unjust for the plaintiff to be compelled to pay the defendant for the value of property which never in fact belonged to Deakin.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with the privilege of making all persons parties who are interested in the subject matter of the litigation, and for a new trial.