SHOVE, Appellant, vs. SHOVE, imp., Respondent.

*September 23 — October 11, 1887.*

*Costs: Life insurance: Parties: Practice as to bringing in necessary parties.*

1. One who has been made a party defendant in a suit is not necessarily to be subjected to costs, when the court sets aside a verdict and grants a new trial for want of other necessary parties.

2. The right to a policy of life insurance vests in the executor or administrator of the decedent, and not at once and directly in a legatee thereof under his will, even where there are no debts; and such executor or administrator is a necessary party to an action for the insurance money, brought against the insurance company by a beneficiary, whose only claim is to hold the policy as collateral security, to which the legatee thereof has been made a party.

3. Where, in such a case, it appears that the decedent's estate is being administered under the laws of Dakota, and that no such executor or administrator has yet qualified, it is the duty of the court to stay proceedings until one has qualified and is brought in; and where it has directed a verdict, in disregard of that duty, it should set the same aside and make the order.

4. If the order staying proceedings in a suit until a necessary party is brought in does not limit the time therefor, and there is unnecessary delay, the remedy is by application to the trial court for a modification or vacation of such order.

APPEAL from the Circuit Court for *Milwaukee* County. The following statement of the case was made by Mr. Justice CASSODAY:

The plaintiff, *Theodore C. Shove,* was the brother of Dan A. Shove, and the defendant was his wife. March 25, 1869, Dan A. Shove procured from the Northwestern Mutual Life Insurance Company a policy of insurance upon his life for $2,000, purporting to be "for the sole use and benefit of *Theodore C. Shove,*" aforesaid. May 25, 1885, Dan A. Shove died in Dakota, where he resided at the time, leaving a last will and testament bearing date and executed September 4, 1880, whereby he gave and bequeathed said policy of insurance to the defendant; and therein stating, in effect, that said policy was made payable to the plaintiff, as collateral security for the payment of three notes held by him amounting to $903.92, and such other items of indebtedness, if any, as might satisfactorily appear to be due and existing between them; and, further, that said notes and indebtedness had all been paid and discharged. In the will the defendant *Martha Shove* was named as executrix. June

18, 1885, the will was admitted to probate at Huron, Dakota, and it was therein ordered that the said *Martha* be appointed executrix upon taking the requisite oath, and giving the requisite bond. Thereupon, and on June 24, 1885, the plaintiff appealed from said probate, to the district court, and gave the requisite bond staying further proceedings.

Upon this action being brought against the insurance company and *Martha*, the latter answered, by way of equitable counterclaim, to the effect that the policy was so made payable to the plaintiff for the sole purpose of securing an indebtedness to him from her husband upon three certain notes which the latter had fully paid. The plaintiff, replying to the counterclaim, admitted, in effect, that the policy had been made payable to him merely as collateral security for the three notes mentioned, and for other indebtedness; and that one of the notes had been paid, but insisted that there was a large amount still his due. The insurance company paid the amount due on the policy into court.

Upon the trial of the issues, it appeared that the will had been admitted to probate, and that the plaintiff had appealed as stated; and also that *Martha* had failed to give the requisite bond and qualify as executrix. The answer, on leave granted, was amended, so as to state that fact. At the close of the trial, the court directed a verdict in favor of the plaintiff. Subsequently, and on motion of the defendant, it was, January 19, 1887, ordered by the court that said verdict be, and the same was thereby, set aside, and a new trial granted, because, as stated in the order, it appeared to the court that the issues in the cause could not be determined without the presence of the executor of Dan A. Shove, deceased, as a party in the action; and that all proceedings in the case be stayed until an executor be ap-

pointed and made a party to the action. From that order the plaintiff brings this appeal.

. For the appellant there was a brief by *Markham & Noyes*, and oral argument by *Mr. Noyes*. Among other things, they contended that it was error to grant a new trial without requiring the moving party to pay costs. *Hoffman v. Doolittle*, 50 Wis. 505. It was also error to stay proceedings without limiting the time for bringing in the necessary party. The plaintiff was the beneficiary of the policy, and entitled to the insurance money. It could not be assigned without the consent of the insurer. *Foster v. Gile*, 50 Wis. 603; *Amick v. Butler*, 12 N. E. Rep. (Ind.) 518.

For the respondent the cause was submitted on the brief of *Turner & Timlin*. They took the ground that the order staying the proceedings until the executor could be brought in was proper, under sec. 2610, R. S., as amended by ch. 41, Laws of 1883; and that the respondent was a proper and necessary party, both as legatee and as executrix. *Wilde v. Paschen*, 67 Wis. 90; *Carney v. Gleissner*, 62 id. 493; *Shirley v. Hields*, 34 N. H. 407; *Lane v. Thompson*, 43 id. 320; *Rand v. Hubbard*, 4 Met. 252, 261.

CASSODAY, J. It is admitted that the policy was made payable to the plaintiff merely as collateral security. This being so, the plaintiff can have no right to it except as a subsisting security. If the deceased, prior to his death, fully paid to the plaintiff all the indebtedness for which the latter held the policy as collateral. security, then it is manifest that the policy constituted a part of the estate of the deceased. The plaintiff claims that such indebtedness was not all paid. The defendant, as legatee, contested such claim. But we assume that her rights as legatee were subject to the payment of any debts against the estate. This is

the rule at common law, as well as by our statutes. *Union Nat. Bank v. Hicks*, 67 Wis. 189. We assume that the same rule exists in Dakota. If there are creditors of the estate, then certainly the estate must be represented in the case before its assets can be disposed of by judgment. Even if there are no debts, yet the policy did not at once and directly, upon the death of the testator, vest in the defendant, as the legatee named in the will, but in the executrix as such, or, in case she fails to qualify, in an administrator with the will annexed, by operation of law, subject to distribution, as in case of intestacy. *Melms v. Pfister*, 59 Wis. 192, and cases there cited. In any event, upon the facts stated, the court could not properly dispose of any portion of the assets of the estate without its legal representative being a party to the proceedings.

The difficulty is in attempting to administer a Dakota estate, without making the legal representative of that estate a party. When, upon the trial, such appears to be the condition of things, it becomes the duty of the court to order such necessary party to be brought in for the due protection of such estate. Sec. 2610, R. S.; *Carney v. Gleissner*, 62 Wis. 493; *Wilde v. Paschen*, 67 Wis. 95. The court, having directed a verdict in disregard of such duty, properly corrected it by setting aside the verdict and making the order mentioned. Objection is made because the court did not limit the time within which the qualified representative of the estate should be made a party. But where there is unreasonable delay in the case of such indefinite stay, the remedy is to apply to the trial court, which, in that regard, is invested with discretionary powers, for a modification or vacation of such order. *Parmalee v. Wheeler*, 32 Wis. 430; *McDonald v. G. B. & M. Canal Co.* 42 Wis. 335.

A defendant who is made a party is not necessarily to be subjected to costs, when the court sets aside a verdict for want of other necessary parties. The question as to the right

of the beneficiary named in the policy, as against the right of a legatee named in a subsequent will of the assured, argued by counsel, does not arise, since the beneficiary named merely held as security.

*By the Court.*— The order of the circuit court is affirmed.