Swenson, Appellant, vs. Wells, Respondent.

*September 17—October 5, 1909.*

*Replevin: Plaintiff not the sole owner: Abatement: Bringing in parties.*

1. Where in an action of replevin it appeared from the pleadings and from the verdict on an issue in abatement that a third person was jointly interested with plaintiff in a written contract under which the property in question was claimed by defendant to have been delivered to him in part payment for land, the court should not have ordered the action abated, but under sec. 2610, Stats. (1898), should have stayed the proceedings and ordered such third person brought in as a necessary party plaintiff.

2. Ordinarily sole ownership in the plaintiff is not essential to the maintenance of replevin against a stranger who has neither' title nor right to possession, it being sufficient in such a case that plaintiff has an interest and is entitled to possession.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

This is an action of replevin brought to recover possession of an automobile. The complaint alleges that the appellant was the owner and entitled to possession of it; that it was of the value of $1,500; that defendant in July, 1908, pretended and claimed that plaintiff traded said car for sixteen lots in Lone Rock, Wisconsin; that defendant fraudulently misrepresented the value of said lots; that defendant deeded said lots to one W. G. Walker; that plaintiff agreed to trade the automobile for lots, if after examination said lots were found to be as represented; that said lots were found not as represented; and that defendant took the automobile wrongfully and unlawfully from plaintiff. The complaint prays for the return of said property, or $1,500, its value, together with damages.

The answer purports to set up two defenses: First, one in abatement as follows:

"(1) For a first defense the defendant alleges that the contract mentioned in the plaintiff's complaint was in writing and that a copy thereof is hereto attached and made part of this defense; that the said contract was made by the plaintiff, *Albert P. Swenson,* and one W. G. Walker, jointly, by and through one S. D. Burke, their duly authorized agent; that the said W. G. Walker is still living at Madison, in Dane county, Wisconsin."

Second. An answer in bar, attached to which answer or second defense was a copy of an agreement purporting to have been made between the defendant and W. G. Walker and plaintiff. This contract set up an agreement between the defendant, party of the first part, and plaintiff and W. G. Walker, parties of the second part, which provided for the sale by the parties of the second part to the party of the first part of the automobile and the payment of $500 in cash in consideration of said lots referred to in the complaint. The contract contained other provisions ordinarily found in land contracts and not necessary to be stated here.

The court sent the case to the jury on the answer in abatement upon the issue as to whether or not the plaintiff was the sole owner, and the following question was submitted: "On July 14, 1908, was the plaintiff the sole owner of the automobile in question?" Which question the jury answered "No." Upon this finding the court ordered the action abated and judgment was entered accordingly, from which this appeal was taken.

*F. K. Shuttleworth,* for the appellant.

For the respondent there was a brief by *Thomas W. King,* attorney, and *Grotophorst, Evans & Thomas,* of counsel, and oral argument by *E. A. Evans.*

KERWIN, J. Considerable argument is made in this case respecting the question as to whether or not the answer in abatement was sufficient and whether it was not waived by the answer in bar. We shall spend no time on this point,

because we think it clear, under the provisions of sec. 2610, Stats. (1898), that the court should not have ordered the action abated, even conceding, for the purpose of the argument, that the answer in abatement was sufficient and the issue properly found in favor of the defendant. Sec. 2610 provides, in effect, that when a complete determination of the controversy cannot be had without the presence of other parties, or any persons not parties to the action have such interests in the subject matter as require them to be parties for their protection, the court shall order them to be brought in. We think the provisions of this statute made it the duty of the court, upon the determination of the issue in abatement against the plaintiff, to stay proceedings in the action and order the necessary party plaintiff brought in, and not order the action abated. Sec. 2610, Stats. (1898); *Shove v. Shove,* 69 Wis. 425, 34 N. W. 392; *Carney v. Gleissner,* 62 Wis. 493, 497, 22 N. W. 735; *Emerson v. Schwindt,* 108 Wis. 167, 173, 84 N. W. 186; *McDougald v. New Richmond R. M. Co.* 125 Wis. 121, 103 N. W. 244.

It may be well to observe, in passing, that ordinarily sole ownership in a plaintiff suing in replevin is not essential to the maintenance of the action, because he may recover, though not the sole owner, against a stranger who has neither title nor right of possession, if he has an interest and is entitled to possession. For example, in certain cases a tenant in common may maintain an action in his own name to recover possession of personal property from a stranger, in the absence of special circumstances going to show the necessity of any other party plaintiff. But in the case before us we are of the opinion that the court below rightly regarded the case as a proper one requiring the presence of Walker as a party plaintiff, upon the allegations in the pleadings and agreement referred to in the answer in abatement. The court is therefore of the opinion that the court below was in error in order-

ing the case abated; therefore the judgment must be reversed.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for further proceedings according to law.

SIEBECKER, J., took no part.